STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. GEORGE WHITTICK AND LOUIS SCOTT, PLAINTIFFS IN ERROR.

Decided March 18, 1929.

Before Justices TRENCHARD, KALISCH and LLOYD.

For the plaintiff in error, *Robert Peacock.*

For the state, *George M. Hillman,* prosecutor of the pleas.

PER CURIAM.

This case evidently was intended to come before us for review on strict writ of error, and bills of exceptions. The record is in a very imperfect shape. If is not only very informal, but confusing. In view of the fact that it is a criminal case on appeal, we have considered the alleged errors upon which the plaintiff in error relies for a reversal of the judgment.

The plaintiff in error was jointly indicted with George Whittick, by a Burlington county grand jury, with the crime of breaking and entering, on March 3d, 1928, into the drug store of Edward T. Hee, and stealing certain property of Edward T. Hee, &c.

Both Scott and Whittick were convicted, and Scott appeals from the judgment pronounced upon him.

There are nine assignments of error. The first three of the assignments are practically aimed at the same purpose as expressed in the third assignment, which latter is, that the verdict is contrary to the weight of the evidence.

Taking up this assertion first, we find it to be unsupported by an examination of the testimony, which, if believed by the

jury, warranted it to find that the plaintiff in error was guilty of the crime charged against him in the indictment.

The case against both of the defendants below was based upon circumstantial evidence. Both Scott and Whittick were seen together on the night of March 2d, 1928, near the drug-store, which was entered, and from which some of its contents were stolen. There was proof that the drug-store was closed near midnight of March 2d, and during the hours which elapsed between the closing time and the return of the pro-prietor on the following morning, the store had been entered, and some of its contents stolen. Entrance to the store was effected by means of breaking a window.

There was also proof tending to show that both Scott and Whittick were seen riding together in a Studebaker automo-bile on March 3d, which automobile had been stolen, and it appears, was put into a garage in Camden.

The police found the automobile in which Scott and Whit-tick had been seen riding, two days before, and found therein a cigarette holder, flashlight and some beads. The cigarette holder was identified as part of the property which had been stolen from the drug-store.

The plaintiff in error denied the charge made against him, and relied upon an alibi as his defense.

The plaintiff in error did not take the witness stand, to support his alibi. Although there was testimony tending to show that he was seen with Whittick, in the stolen automobile, which testimony, if untrue, he could have denied, and could have given an account of his whereabouts on the night and morning in question, he apparently was content to have his whereabouts established by witnesses who were not in a po-sition to account with the same degree of knowledge and ac-curacy as was the plaintiff in error, of his doings and where-abouts at the times in question.

The case was a typical one for a jury to decide. We cannot say from a reading of the testimony that the verdict of the jury was the result of prejudice, passion, partiality or mistake.

The fourth assignment of error is directed against the judge's charge. There was no general exception taken to the charge as counsel might have done under the statute. But

even then he would be obligated to point out the specific error relied on in his assignment of error. The exception taken by counsel of the plaintiff in error is as follows: "I desire an exception to your honor's charge in refusing to charge as requested." This exception is too broad and too general.

However, an examination of the court's charge discloses that the trial judge substantially charged the request submitted to him, by counsel of plaintiff in error, to be charged, except the seventh request, and this request the court was under no legal duty to charge, since it was a presumption of conditions of fact postulated by defendant's counsel, which conditions of fact did not include all the circumstances which should influence the conclusion of the jury. *Consolidated Traction Co.* v. *John B. Chenowith,* 61 *N. J. L.* 554.

The judgment is affirmed.